**Affirm and Opinion Filed February 21, 2024**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00605-CV**

**ACCESS FLOOR SPECIALISTS, INC. D/B/A ALLIED INTERIORS,**
**Appellant**
**V.**
**REMREHOLDINGS, LLC, Appellee**

**On Appeal from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-03670-2022**

## MEMORANDUM OPINION

Before Justices Nowell, Miskel, and Kennedy
Opinion by Justice Nowell

Access Floor Specialists, Inc. d/b/a Allied Interiors appeals the trial court's

denial of its motion to dismiss the counterclaim filed by RemREHoldings, LLC.

Appellant moved to dismiss appellee's counterclaim for fraudulent lien pursuant to

the Texas Citizens Participation Act (TCPA). The trial court did not rule on the

motion timely, and it was denied by operation of law. *See* TEX. CIV. PRAC. & REM.

CODE ANN. § 27.008(a). In two issues, appellant argues the trial court erred by

denying its motion to dismiss because appellee's fraudulent lien counterclaim is

based on or in response to appellant's exercise of its right to petition and appellee

failed to provide clear and specific evidence of each element of its fraudulent lien claim. In response, appellee argues, among other things, that its counterclaim falls within the TCPA's commercial–speech exemption.[1] We affirm.

FACTUAL BACKGROUND

In its first amended petition, appellant alleges it was hired by DBGC, LLC, a defendant in the case that is not a party to this appeal, as a "first-tier subcontractor to provide labor, materials, and work related to flooring" at a property in Frisco, Texas (the Property). Appellee owns the Property, and appellant performed work for appellee's benefit. Although DBGC contracted to pay appellant for its labor and services, DBGC failed to pay appellant. Appellant alleges that appellee paid DBCG, and DBGC misappropriated the money when it failed to pay appellant.

On October 28, 2021, appellant filed a mechanic's and materialman's lien on the Property pursuant to Chapter 53 of the Texas Property Code; appellant filed an amended mechanic's and materialman's lien on August 11, 2022. Appellant sued appellee to foreclose the lien. In response, appellee filed a motion to remove the invalid or unenforceable lien because appellant failed to provide the requisite notice of the claim before filing the affidavits of lien and failed to timely file the affidavits

---

[1] Appellee also argues that appellant failed to meet its step-one burden to show the TCPA applies. We need not consider this argument before addressing the applicability of the commercial–speech exemption. *See Temple v. Cortez Law Firm, PLLC*, 657 S.W.3d 337, 346 (Tex. App.—Dallas 2022, no pet.) ("When a TCPA movant's step-one burden and a nonmovant's TCPA exemption are both disputed, we conclude that a court may consider a nonmovant's exemption first, if it chooses to do so.").

of lien, both of which are fatal. Appellee also asserted a counterclaim for fraudulent lien in which it claimed appellant knowingly filed an untimely lien.

Appellant filed a second amended petition removing the claims previously asserted against appellee. Appellant also responded to appellee's motion to remove the invalid or unenforceable lien, asserting the motion was moot because appellant filed a release of mechanic's lien on December 22, 2022. Appellant then filed its motion to dismiss appellee's fraudulent lien counterclaim pursuant to the TCPA.

### LAW & ANALYSIS

"The TCPA was designed to protect both a defendant's rights of speech, petition, and association and a claimant's right to pursue valid legal claims for injuries the defendant caused." *Montelongo v. Abrea*, 622 S.W.3d 290, 295 (Tex. 2021). To accomplish this objective, the TCPA "provides a three-step process for the dismissal of a 'legal action' to which it applies." *Id.* at 295–96. However, the TCPA includes a commercial–speech exemption, which states the TCPA does not apply to:

> a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, ... or a commercial transaction in which the intended audience is an actual or potential buyer or customer[.]

TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(a)(2).

The party seeking to rely on the commercial–speech exemption has the burden to prove its applicability by a preponderance of the evidence. *Forget About It, Inc.*

–3–

*v. BioTE Med., LLC*, 585 S.W.3d 59, 68 (Tex. App.—Dallas 2019, pet. denied); *see also LaCore Enterprises, LLC v. Angles*, No. 05-21-00798-CV, 2023 WL 2607562, at *6 (Tex. App.—Dallas Mar. 23, 2023, no pet.) (mem. op.). The supreme court established a four-part test for the application of the commercial–speech exemption. The TCPA does not apply to legal actions in which (1) the defendant was primarily engaged in the business of selling or leasing goods or services, (2) the defendant made the statement or engaged in the conduct on which the claim is based on in the defendant's capacity as a seller or lessor of those goods or services, (3) the statement or conduct at issue arose out of a commercial transaction involving the kind of goods or services the defendant provides, and (4) the intended audience of the statement or conduct were actual or potential customers of the defendant for the kind of goods or services the defendant provides. *Castleman v. Internet Money Ltd.*, 546 S.W.3d 684, 688 (Tex. 2018). "[T]he commercial–speech exemption applies only to certain communications related to a good, product, or service in the marketplace — communications made not as a protected exercise of free speech by an individual, but as commercial speech which does no more than propose a commercial transaction." *Id.* at 690 (internal quotation omitted).

"[A]n affirmative allegation of facts, with no contrary evidence or denial of those facts, is sufficient to satisfy the elements of the commercial speech exemption." *Rouzier v. BioTE Med., LLC*, No. 05-19-00277-CV, 2019 WL 6242305, at *4 (Tex. App.—Dallas Nov. 22, 2019, no pet.) (mem. op.) (citing *Giri v. Estep*,

No. 03-17-00759-CV, 2018 WL 2074652, at \*4 (Tex. App.—Austin May 4, 2018, pet. denied) (mem. op.)).

When the text of the TCPA dictates the outcome of a case, we review the trial court's ruling de novo. *Angles*, 2023 WL 2607562, at \*6 (citing *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 132 (Tex. 2019)). In our review, we consider "the pleadings, evidence a court could consider under Rule 166a, Texas Rules of Civil Procedure, and supporting and opposing affidavits stating the facts on which the liability or defense is based." TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a); *see also Angles*, 2023 WL 2607562, at \*6.

Several courts have considered whether the commercial–speech exemption applies to fraudulent lien suits in the context of hospital liens. *See Round Table Physicians Group, PLLC v. Kilgore*, 607 S.W.3d 878, 886 (Tex. App.—Houston [14th Dist.] 2020, pet. denied); *Sanders v. Bansal*, No. 01-18-00508-CV, 2019 WL 7341660 (Tex. App.—Houston [1st Dist.] Dec. 31, 2019, pet. denied) (mem. op.); *N. Cypress Med. Ctr. Operating Co. GP, LLC v. Norvil*, 580 S.W.3d 280 (Tex. App.—Houston [1st Dist.] 2019, pet. denied); *Berry v. ETX Successor Tyler*, No. 12-18-00095-CV, 2019 WL 968528, at \*3 (Tex. App.—Tyler Feb. 28, 2019, no pet.) (mem. op.). We consider these cases persuasive because they examine the applicability of the commercial–speech exemption to liens arising out of commercial transactions.

For example, in *North Cypress*, the First Court of Appeals considered a case wherein a medical facility filed a hospital lien on its patient's pending causes of action against an alleged tortfeasor. *See N. Cypress Med. Ctr. Operating Co.*, 580 S.W.3d at 282. The patient filed a petition for declaratory judgment seeking a determination of the parties' rights and a determination of what qualified as a reasonable charge for the services the hospital provided. *Id.* at 283. The hospital filed a TCPA motion to dismiss on the basis that the hospital's filing of a lien constituted a communication made in the exercise of the hospital's right of free speech and right to petition. *Id*. The patient argued the commercial–speech exemption applied. *Id*. The hospital responded that the exemption did not apply because its lien was not filed for the purpose of securing sales in goods or services, and the intended audience of the lien was not any actual or potential buyers or customers. *Id*. at 285-86. The court of appeals concluded the commercial–speech exemption applied. *Id.* at 287.

The First Court of Appeals rejected the hospital's first argument that its lien was not filed for the purpose of securing sales in services. *See id*. at 285–86. Under the court's analysis, the hospital filed the lien to recover fees for services it rendered to the patient. *Id*. at 286. The hospital's efforts arose out of the commercial transaction between the hospital and patient whereby the hospital provided services in exchange for a fee. *Id*. The hospital filed the lien "trying to get paid for the healthcare services it provided." *See id*.

The court also rejected the hospital's argument that the intended audience of the lien was not its customer. *Id.* The court considered that a lien against a patient's tort recovery is a claim against the patient, and the hospital functionally was making a demand on the patient to pay the amount owed. See *id.* (noting hospital liens against patients' tort recoveries are claims against patients). Thus, the First Court of Appeals concluded the patient was a member of the intended audience. *Id.*

In the case before us, as to the first and second elements of the commercial–speech exemption, appellant pleaded it is a construction subcontractor that provides labor, materials, and work related to flooring; as is relevant to this lawsuit, appellant alleges it provided labor, materials, and work at the Property. Appellant filed a lien and an amended lien to recover money owed for the materials and services it furnished to appellee. Appellant then filed suit to foreclose the lien and collect the money it was owed for the goods and services it provided to appellee. Appellant acted in its capacity as a seller of goods and services when it sought to recover money it allegedly was owed. *See id.* We conclude appellant's pleading is sufficient to satisfy the first two elements by a preponderance of the evidence. *See Castleman*, 546 S.W.3d at 688 (listing elements); *see also Rouzier*, 2019 WL 6242305, at *4 (affirmative allegation of facts with no contrary evidence sufficient to satisfy elements of commercial–speech exemption).

Regarding the third and fourth elements, appellant does not dispute it filed the lien and amended lien to secure payment for labor, materials, and work provided at

the Property. The intended audience of the lien and amended lien was appellee, a customer to whom appellant provided services. Essentially, appellant was making a demand on appellee to pay the amount appellant alleges it was owed. *See N. Cypress Med. Ctr. Operating Co.*, 580 S.W.3d at 286. Appellee was, therefore, a member of the intended audience of appellant's statement. We conclude appellant's pleading is sufficient to satisfy the third and fourth elements by a preponderance of the evidence. *See Castleman*, 546 S.W.3d at 688 (listing elements); *see also Rouzier*, 2019 WL 6242305, at *4.

## CONCLUSION

We conclude appellee established the four elements of the commercial–speech exemption by a preponderance of the evidence. Therefore, the trial court did not err by denying appellant's TCPA motion to dismiss. Given our determination that the TCPA does not apply, we need not consider whether appellee's fraudulent lien counterclaim is based on or in response to appellant's exercise of its right to petition or whether appellee provided clear and specific evidence of each element of its fraudulent lien claim. *See* TEX. R. APP. P. 47.1. We affirm the trial court's order denying appellant's TCPA motion to dismiss.


/Erin A. Nowell//

230605f.p05          ERIN A. NOWELL
                     JUSTICE


–8–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ACCESS FLOOR SPECIALISTS, INC. D/B/A ALLIED INTERIORS, Appellant

No. 05-23-00605-CV      V.

REMREHOLDINGS, LLC, Appellee

On Appeal from the 366th Judicial District Court, Collin County, Texas Trial Court Cause No. 366-03670-2022.
Opinion delivered by Justice Nowell. Justices Miskel and Kennedy participating.

In accordance with this Court's opinion of this date, we **AFFIRM** the trial court's denial of the motion to dismiss filed by Access Floor Specialists, Inc. d/b/a Allied Interiors, which was denied by operation of law.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 21st day of February, 2024.